UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENTON GRAHAM,

           Plaintiff,

           v.

NEW YORK CITY DEPARTMENT OF
EDUCATION *et al.*,

           Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CV-6885 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

By Second Amended Complaint, *pro se* Plaintiff Kenton D. Graham ("Plaintiff") brings this action against Defendants Department of Education of the City of New York ("DOE"), Vernon Johnson, Melanie Werner, and Sharaz Scofield (collectively, "Defendants") alleging discrimination based on national origin and disability; retaliation; and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"); Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.* ("Rehabilitation Act"); Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et. seq.* ("ADA"); New York State Human Rights Law, N.Y. Exec. Law § 290, *et. seq.* ("NYSHRL"); and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et. seq.* ("NYCHRL"). After Defendants moved to dismiss the Second Amended Complaint and the parties had fully briefed the motion (*see* ECF Nos. 38–39), Plaintiff moved for leave to file a Third Amended Complaint (ECF No. 49). For the reasons stated below, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is GRANTED, and Plaintiff's request for leave to file a Third Amended Complaint is DENIED.

## I.    BACKGROUND

Plaintiff Kenton Graham, proceeding *pro se*, is a former math teacher at the Brooklyn High School for Law and Technology ("Brooklyn High School"). Plaintiff commenced this action on December 5, 2021, in the Southern District of New York. Complaint, ECF No. 1. The Southern District of New York transferred this case to the Eastern District of New York on December 6, 2021, and this Court accepted jurisdiction on December 14, 2021. Transfer Order, ECF No. 6; Receipt of Case Transfer, ECF No. 7.

On November 7, 2022, Plaintiff filed a Second Amended Complaint setting forth discrimination claims against the DOE and individual administrators at Brooklyn High School

1

(Principal Vernon Johnson and Assistant Principals Melanie Werner and Sharaz Scofield). Plaintiff alleges discrimination based on national origin and disability; retaliation; and hostile work environment in violation of Title VII, the Rehabilitation Act, the ADA, the NYSHRL, and the NYCHRL. *See* Second Am. Compl. ("SAC"), ECF No. 34.

Plaintiff is Jamaican Caribbean, speaks with a Jamaican accent, and has a speech impediment. *See* SAC, Addendum ¶¶ 2–3. Plaintiff alleges he suffered unequal treatment and a hostile work environment because of his protected characteristics. *See, e.g.*, SAC, Addendum ¶ 25. Plaintiff claims he experienced retaliation for filing (1) a complaint with the New York State Division of Human Rights in April 2021, and (2) the instant federal lawsuit in December 2021. *See, e.g., id.* ¶¶ 14, 26. On August 10, 2022, Plaintiff received a letter from Brooklyn North HS Superintendent Janice Ross, dated July 29, 2022, informing him the DOE would end his employment "as of the close of business 60 days from the date of this letter or the probation completion date listed above [September 7, 2022], whichever occurs first." Zachary T. Ellis Decl. in Opp'n to Pl.'s Third Mot. to Amend ("Ellis Decl."), Ex. B, Denial of Completion of Probation Letter, ECF No. 46-2; *see also* SAC, Addendum ¶ 36. Plaintiff's employment ended on September 7, 2022. Ellis Decl., Ex. B, Verification of Employment.

On December 2, 2022, Defendants moved to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. *See* Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs. Mem."), ECF Nos. 35, 39-2. Plaintiff filed his opposition to Defendants' motion to dismiss on January 20, 2023. *See* Pl.'s Mem. in Opp'n to Defs.' Mem. ("Opp'n to Defs. Mem."), ECF No. 38. Defendants filed their reply on February 17, 2023. *See* Defs.' Reply in Further Supp. of Defs.' Mot. ("Reply to Defs. Mem."), ECF No. 39.

2

On August 13, 2024, before the Court ruled on Defendants' motion to dismiss, Plaintiff sought leave from the Court to file a Third Amended Complaint adding two new defendants and a deprivation-of-rights claim under 42 U.S.C. § 1983. *See* Pl.'s Third Mot. to Amend ("Pl. Mem."), ECF No. 41. Defendants filed their opposition to Plaintiff's third motion to amend on September 7, 2024. *See* Defs.' Mem. in Opp'n to Pl.'s Mot. ("Opp'n to Pl. Mot."), ECF No. 45. Plaintiff filed his reply on October 11, 2024. *See* Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. ("Reply to Pl. Mot."), ECF No. 49.

## II.   LEGAL STANDARD

### A. Converting the Motion to Dismiss into a Motion for Summary Judgment

The Court first addresses whether to convert Defendants' motion to dismiss the Second Amended Complaint under Rule 12(b)(6) into a motion for summary judgment under Rule 56. Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . [,] matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

A district court "acts properly in converting a motion [to dismiss under Rule 12(b)(6)] into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give sufficient notice to an opposing party and an opportunity for that party to respond." *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (internal quotation marks omitted). "Notice is particularly important for a *pro se* litigant, who must be unequivocally informed of the meaning and consequences of conversion to summary judgment." *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 68 (2d Cir. 2014) (internal quotation marks omitted).

3

Defendants' motion to dismiss attaches a document presenting matters outside the pleadings: an Affidavit of Erin Andrews-Chirila, dated December 1, 2022, ECF 39-3. Plaintiff received proper notice regarding the possibility and consequences of the Court converting Defendants' motion to dismiss into a motion for summary judgment and was given ample opportunity to respond. In conjunction with their motion to dismiss, Defendants served Plaintiff with the Notice to *Pro Se* Litigant and copy of Rule 56 required by Local Civil Rule 12.1.[1] *See* ECF No. 39-1. In their cover letter to Plaintiff, Defendants highlighted their submission of written materials outside the pleadings. *See* Defs.' Letter, ECF No. 35 ("Enclosed please find Defendants' Notice of Motion, *Affidavit of Erin Andrews-Chirila*, and Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.") (emphasis added). Plaintiff acknowledged receiving Defendants' notice in a December 8, 2022 letter to the Court, stating "Defendants' motion papers suggest that I need to respond to the[ir] papers as a potential [Rule] 56.1 motion[.]" Pl.'s Letter to the Court, ECF No. 36.

Accordingly, the Court converts Defendants' motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56. *See, e.g.*, *Parada*, 753 F.3d at 68 (finding district court properly converted motion to dismiss into a motion for summary judgment where the district court "clearly notified [the then-*pro se* plaintiff] that the [defendant's] motion to dismiss could be converted into a motion for summary judgment," "the information relevant to [plaintiff's] claim . . . was within [her] possession," and "nothing prevented her from submitting" such relevant evidence); *Hall v. Annucci*, 19-CV-5521, 2021 WL 4392526, at *10 (S.D.N.Y.

---

[1] The purpose of Local Civil Rule 12.1 is to "alert[] *pro se* litigants to the potentially serious consequences of a motion to dismiss based upon evidence outside the pleadings, and to the requirements for controverting such evidence." Comm. Notes, S.D.N.Y. and E.D.N.Y. Local Civil Rule 12.1.

4

Sept. 24, 2021) (Karas, J.) (finding defendants' compliance with Local Civil Rule 12.1 provided *pro se* plaintiff with sufficient notice of potential conversion to motion for summary judgment and the consequences of such a conversion).

### B. Motion for Summary Judgment

Summary judgment is appropriate where the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). The movant has the initial burden of showing there is no disputed issue of material fact, after which the burden shifts to the non-movant to present specific evidence showing a genuine dispute. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

*Pro se* plaintiffs "are afforded special solicitude on motions for summary judgment." *Henderson v. Alvarez*, 17-CV-3977, 2020 WL 2571013, at *6 (S.D.N.Y. May 21, 2020) (Nathan, J.) (internal quotation marks omitted). But they "cannot defeat a motion for summary judgment by relying merely on the allegations of a complaint," and "must come forward with evidence in

5

admissible form that is capable of refuting those facts." *Ortiz v. Berryhill*, 19-CV-171, 2020 WL 4754934, *4 (S.D.N.Y. July 15, 2020) (Freeman, Mag.); *see also Henderson*, 2020 WL 2571013, at *6 ("A *pro se* party's bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment.") (internal quotation marks omitted).

### C. Motion to Amend

A district court can deny a motion to amend "for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, 07-CV-3478, 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013) (Bianco, J.); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party.").

"[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). "While courts should be more lenient when considering a *pro se* party's motion to amend . . . leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim." *Todd v. Fields*, 20-CV-3608, 2022 WL 596829, at *6 (S.D.N.Y. Feb. 25, 2022) (Román, J.) (citing *Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, 10-CV-2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010) (Feuerstein, J.)). The decision whether to grant or deny leave to amend is ultimately "within the sound discretion of the district court." *Lopez v. Stop & Shop Supermkt. Co. LLC*, 19-CV-9913, 2020 WL 4194897, at *2 (S.D.N.Y. July 21, 2020) (Furman, J.).

## III.   ANALYSIS

### A.   Plaintiff's Second Amended Complaint Fails to State a Claim under Federal or State Law

#### *1. Plaintiff is Barred from Bringing State and City Claims Against the DOE for Failure to File a Notice of Claim*

Plaintiff is barred from bringing state and city claims against the DOE under the NYSHRL and NYCHRL because he failed to comply with the notice-of-claim requirement in the New York Education Law. "New York law requires that a plaintiff plead and prove compliance with Education Law § 3813's notice of claim . . . requirement[]." *Edwards v. Jericho Union Free Sch. Dist.*, 904 F. Supp. 2d 294, 302 (E.D.N.Y. 2012) (Hurley, J.); *see also Hall v. New York City Dep't of Educ.*, 23-CV-10385, 2024 WL 4979288, at *6 (S.D.N.Y. Dec. 3, 2024) (Koeltl, J.) ("The plaintiff's discrimination claims brought pursuant to the NYSHRL, the NYCHRL, and the NYSCRL must be dismissed for failure to comply with the New York Education Law because the plaintiff fails to allege that she complied with the applicable notice-of-claim provisions.").

The notice-of-claim requirement is set forth at Section 3813(1) of the Education Law, which states "[n]o action or special proceeding, for any cause whatever, . . . shall be prosecuted or maintained" against "any school district, board of education, . . . or any officer of a school district [or] board of education" unless the plaintiff presented "a written verified claim" upon "the governing body of said district or school." N.Y. Educ. Law § 3813(1). "[T]he DOE is a 'board of education' as that term is defined in the New York Education Law." *Hall*, 2024 WL 4979288, at *6.

In the affidavit attached to Defendants' motion to dismiss, Erin Andrews-Chirila, a paralegal with the New York City Office of Corporation Counsel, attests Plaintiff did not provide

7

the DOE with a notice of claim before filing the Second Amended Complaint. Affidavit of Erin Andrews-Chirila at ¶¶ 1–3, 5, ECF No. 39-3 ("The Office of Corporation Counsel and the Comptroller's Office are designated to receive notices of claim on behalf of the [DOE]. . . . [A]s of December 1, 2022, no notices of claim on behalf of Plaintiff were served on either the Comptroller's Office or the Office of Corporation Counsel."). Plaintiff provides no evidence to refute this claim. Because the "failure to abide by" the notice-of-claim requirement "mandates dismissal of [a plaintiff's] action," Plaintiff's state and city claims against the DOE are dismissed. *Santana v. Mount Vernon City Sch. Dist./Bd. of Educ.*, 20-CV-3212, 2021 WL 4523770, at *14 (S.D.N.Y. Sept. 30, 2021) (Román, J.) (quoting *Smith v. N.Y.C. Dep't of Educ.*, 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011) (Buchwald, J.)).

### 2. *Plaintiff is Barred from Bringing Federal Claims Against Individual Defendants*

Plaintiff is barred from bringing claims against Principal Johnson and Assistant Principals Werner and Scofield under Title VII, the ADA, and the Rehabilitation Act because individuals are not subject to liability under these acts. *See Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 62 (2d Cir. 2016) ("Title VII does not provide for individual liability."); *Perros v. Cnty. of Nassau*, 238 F. Supp. 3d 395, 402 n.3 (E.D.N.Y. 2017) (Wexler, J.)) ("[I]t is well-established that there is no individual liability under the ADA or the Rehabilitation Act, whether the individual is sued in their official or individual capacity."). Accordingly, Plaintiff's claims against Johnson, Werner, and Scofield under Title VII, the ADA, and the Rehabilitation Act are dismissed.[2]

---

[2] Plaintiff himself concedes "individually named defendants are not liable under Title VII, the ADA, or the Rehabilitation Act[.]" Opp'n to Defs. Mem. at 11.

8

### *3. Plaintiff's Remaining Federal, State, and City Claims Fail as a Matter of Law*

#### a. <u>Plaintiff Fails to Support his Discrimination Claims with Adequate Evidence of Discriminatory Animus</u>

It is undisputed Plaintiff belongs to a protected class. Plaintiff fails, however, to support his discrimination claims with evidence he experienced an adverse employment action motivated, in whole or in part, by discriminatory animus. Discrimination claims under Title VII, the ADA, and the Rehabilitation Act, require Plaintiff to show "[he] was subjected to an adverse employment action . . . [and] the adverse employment action took place under circumstances giving rise to an inference of discrimination based on [his] membership in the protected class." *Weaver v. Bloomberg L.P.*, 717 F. Supp. 3d 372, 383–84 (S.D.N.Y. 2024) (Engelmayer, J.) (citing *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010)); *see also Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015) (stating a plaintiff must "demonstrate that [he or she] suffered an adverse employment action under circumstances giving rise to an inference of discriminatory intent" to prevail on a discrimination claim) (internal citation omitted).

To defeat summary judgment of his federal discrimination claims, Plaintiff must produce admissible evidence to "permit a reasonable factfinder to find . . . that the adverse employment decision was motivated at least *in part* by an 'impermissible reason,' *i.e.*, a discriminatory reason." *Weaver*, 717 F. Supp. 3d at 385 (emphasis in original). Plaintiff's NYSHRL claims "are governed by the same standards as [his] federal claims." *Richards v. Dep't of Educ. of City of New York*, 21-CV-338, 2022 WL 329226, at *19 (S.D.N.Y. Feb. 2, 2022) (Liman, J.); *see also Cooper v. New York State Dep't of Lab.*, 819 F.3d 678, 680 (2d Cir. 2016) ("Employment discrimination claims brought under the NYSHRL are analyzed identically to claims under . . . Title VII[.]"). Even under the NYCHRL's more lenient standard, Plaintiff "bears the burden of

9

showing that [Defendants'] conduct is caused by a discriminatory motive. It is not enough that [Plaintiff] has an overbearing or obnoxious boss." *Richards*, 2022 WL 329226, at *20.

"A showing of disparate treatment—that is, a showing that an employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'—is a recognized method of raising an inference of discrimination for the purposes of making out a prima facie case." *Ruiz*, 609 F.3d at 493 (quoting *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)). Plaintiff alleges he experienced adverse employment actions in the form of negative performance evaluations, excessive class assignments, denial of afterschool work, and, ultimately, the discontinuance of his employment at the end of his probationary period. *See* Opp'n. to Defs. Mem. at 14–16. Plaintiff contends similarly situated employees outside his protected group received preferential treatment from Defendants. Similarly situated employees are "(1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Id.* at 493–94 (quoting *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)) (internal quotation marks omitted).

The Second Amended Complaint identifies by name only one allegedly similarly situated teacher who Plaintiff asserts received preferential treatment. Plaintiff alleges "Principal Johnson wrote me up for insubordination involving use of google classroom codes, but did not write up Donald Graham, who is an African American, for the very same misconduct." SAC, Addendum ¶ 12. Plaintiff does not accompany this allegation with any evidence showing he and Mr. Graham were subject to the same performance evaluation and discipline standards and were, therefore, similarly situated. *See Richards*, 2022 WL 329226, at *10 ("[Plaintiff's] pleading falls short because it either does not identify similarly situated employees or, for the employees it

10

does identify, the pleading does not provide facts to support that they are similarly situated in all material respects.").

Plaintiff's other allegations of differential treatment contain even less information about the allegedly similarly situated teachers. Plaintiff alleges:

- Principal Johnson did not give me my teaching preferences for the 2020–21 school year even though these courses were available to me. *Upon information and belief, he did not deny preferences to nondisabled an/or non-Jamaican teachers in the math department*.

- I also have not been assigned my own desk and chair in the school for the 2021–22 school year, *in contrast to the other teachers at the school*.

- On April 17, 2021, I saw [Assistant Principal] Scofield in the school staircase and asked him if he did not receive my request to work after school. AP Scofield replied yes, he did receive it, but he told me he did not add me to the list to work because of my scholarship report and poor communication skills (thereby implicating my speech impediment). It is my understanding that these reasons were not a requirement to work after school, and as a result, *I was treated differently from my other similarly situated colleagues because of my speech impediment since all teachers who apply to work after school were hired except me*.

- Principal Johnson further retaliated against me by not recommending me for tenure although I was eligible for tenure and he did not ask me for a tenure binder. *It is my understanding that he recommended other similarly [situated] teachers for tenure*.

SAC, Addendum ¶¶ 9, 16, 27, 31 (emphases added).

Plaintiff produces no evidence to suggest these unnamed teachers were, in fact, similarly situated: he does not state they engaged in comparable conduct or were subject to the same performance evaluations and discipline standards. Plaintiff cannot survive a motion for summary judgment by merely stating, without producing sufficient admissible evidence, he was treated worse than others outside his protected group. *See Karunakaran v. Borough of Manhattan Cmty. Coll.*, 18-CV-10723, 2021 WL 535490, at *5 (S.D.N.Y. Feb. 12, 2021) (Ramos, J.) ("Simply arguing that employees not in [plaintiff's] protected groups were treated differently is not sufficient without pleading additional details about specific events and without

11

pleading additional facts that [plaintiff] was similarly situated in all material respects to those comparator employees.").[3]

"An inference of discrimination can [also] arise from . . . [an] employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group." *Richards*, 2022 WL 329226, at *10 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015)). Plaintiff alleges Principal Johnson (1) described his speech as "choppy and incoherent," (2) evaluated his written and oral communication skills as "less than professionally expected," and (3) told him "you Caribbean people love to play the victim" when Plaintiff complained of unsafe working conditions in his classroom. SAC, Addendum ¶¶ 10–11, 13.

Critical, but facially neutral, remarks do not raise an inference of discrimination unless accompanied by specific evidence of discriminatory intent. *See, e.g., Humphries v. City Univ. of New York*, 13-CV-2641, 2013 WL 6196561, at *9 (S.D.N.Y. Nov. 26, 2013) (Engelmayer, J.) ("[Plaintiff's] subjective interpretation of her co-workers' use of [] critical but facially non-discriminatory terms does not, itself, reveal discriminatory animus."); *Askin v. Dep't of Educ. of City of New York*, 110 A.D.3d 621, 622 (2013) ("Although plaintiff asserts that defendants' actions were motivated by age-related bias, she does not make any concrete factual allegation in support of that claim, other than that she was 54 years old and was treated adversely under the State law or less well under the City HRL."). Plaintiff's only evidence of discriminatory intent is

---

[3] Plaintiff seeks to repair these allegations by identifying the unnamed similarly situated employees in his opposition to Defendants' motion to dismiss. *See* Opp'n to Defs. Mem. at 17–18. It is well-established plaintiffs are barred from raising new allegations in opposition to a motion to dismiss. *See, e.g., Helwing v. City of New York*, 18-CV-3764, 2021 WL 781794, at *8 (E.D.N.Y. Mar. 1, 2021) (Matsumoto, J.) (finding the defendant "correctly argues that any newly raised allegations in opposing a motion to dismiss are improper and should not be considered"), *aff'd sub nom., Helwing v. Pszeniczny*, 21-843-CV, 2022 WL 610341 (2d Cir. Mar. 2, 2022).

a single, unsubstantiated allegation Principal Johnson made a pejorative comment about people within Plaintiff's protected group. While troubling, this stray comment cannot support the entire weight of Plaintiff's discrimination claims. *See, e.g.*, *Mete v. New York State Off. of Mental Retardation & Developmental Disabilities*, 21 A.D.3d 288, 294 (1st Dep't 2005) ("[E]ven a decision maker's stray remark, without more, does not constitute evidence of discrimination.").

> b. <u>Plaintiff Does Not Produce Evidence Sufficient to Support his Hostile-Work-Environment Claims</u>

Plaintiff's failure to produce admissible evidence demonstrating he was treated worse than others because of his protected characteristics dooms his hostile-work-environment claims. Plaintiff alleges Defendants created a hostile work environment when, among other things: (1) Plaintiff was "assigned to teach classes in rooms without the proper classroom supplies and a dedicated desk"; (2) Principal Johnson and Assistant Principals Scofield and Werner "undermine[d] [Plaintiff's] classroom authority by removing students from [his] classroom"; and (3) Assistant Principal Werner "discussed the allegations in [Plaintiff's] federal lawsuit . . . with one of [Plaintiff's] colleagues." SAC, Addendum ¶¶ 16, 21, and 29.

"A hostile work environment is created [under federal law and the NYSHRL] [w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Moore v. DeJoy*, 18-CV-9967, 2021 WL 4523503, at *5 (S.D.N.Y. Sept. 30, 2021) (Cronan, J.) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)) (internal quotation marks omitted); *see also Ahmad v. New York City Health & Hosps. Corp.*, 20-CV-675, 2021 WL 1225875, at *23 (S.D.N.Y. Mar. 31, 2021) (Engelmayer, J.) ("Hostile work environment claims under Title VII and the NYSHRL are judged by the same standard."). Under the more lenient NYCHRL, "a plaintiff claiming a hostile work environment need only demonstrate that he or she was treated

13

less well than other employees because of the relevant characteristic." *Bilitch v. New York City Health & Hosps. Corp.*, 194 A.D.3d 999, 1003 (2nd Dep't 2021) (internal citation omitted).

As discussed earlier, Plaintiff fails to produce adequate evidence of mistreatment motivated by his protected characteristics. *See, e.g.*, *Cruz v. Amazon Fulfillment*, 21-CV-3092, 2024 WL 1346528, at *3 (E.D.N.Y. Mar. 29, 2024) (DeArcy Hall, J.) (describing plaintiff's allegations of hostility—including a co-worker saying "fuck you" to plaintiff's mother and various supervisors trying to "intimidate" and "bully" plaintiff—as "facially neutral incidents that . . . fail to raise an inference of discrimination"); *Milner v. HRA Police Dep't/Agency*, 15-CV-6320, 2018 WL 1583675, at *7 (S.D.N.Y. Mar. 28, 2018) (Broderick, J.) (finding plaintiff's allegations that defendant "attempted to have [his] subordinates fabricate negative claims against him" and issued him "numerous disciplinary write-ups" were "simply insufficient to raise a plausible claim for a severe or pervasive hostile work environment").

### c. Plaintiff Fails to Establish the Causal Connection Required for a Retaliation Claim

To prove retaliation under federal law and the NYSHRL, Plaintiff must show Defendants were aware he participated in a protected activity, and he experienced an adverse employment action *because of* his participation in that protected activity. *Ruiz v. Armstrong*, 85 Misc. 3d 237, 255 (N.Y. Sup. Ct. 2024). Under the NYCHRL, Plaintiff "need not prove that he suffered an adverse employment action based on the protected activity, but that his employer engaged in conduct that was reasonably likely to deter a person from engaging in that protected activity." *Id.* (citing *Bilitch*, 194 A.D.3d at 1004). Both standards require Plaintiff to prove "a causal connection between the protected activity and the alleged retaliatory conduct." *Id.*

Plaintiff alleges Principal Johnson "retaliated against [him] . . . [for] fil[ing] a proposed amendment to the instant pending federal lawsuit on July 20, 2022," by "discontinu[ing]

14

[Plaintiff's] probation with a notice dated July 29, 2022." SAC, Addendum ¶ 32. But Principal Johnson did not send this letter; Brooklyn North HS Superintendent Janice Ross did. *See* SAC, Addendum ¶ 36; Ellis Decl., Ex. B, Denial of Completion of Probation Letter. Plaintiff has not produced any evidence suggesting the decision to end Plaintiff's employment was made by Principal Johnson.

Plaintiff alleges Defendants retaliated against him for filing a complaint with the New York State Division of Human Rights and the instant federal complaint by, *inter alia*, depriving him of a classroom, not assigning him his own desk and chair, removing students from his classroom, assigning him too many classes, reversing a change requested by the teachers' union to his class schedule, and using performance evaluations to lower his teacher rating. *See* SAC, Addendum ¶¶ 14–24, 30–31, 37, 39. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Plaintiff produces no evidence suggesting these alleged instances of retaliation were *caused* by his protected filings and not by a shortage of math teachers, limited class space, or his actual teaching performance.[4]

---

[4] Defendants' motion to dismiss also contends the Second Amended Complaint should be dismissed on timeliness grounds, arguing: (1) "Plaintiff's claims under Title VII and the ADA are partially time barred under the applicable statute of limitations"; and (2) "Plaintiff's claims against the DOE are partially time barred by the one year statute of limitations contained in Education Law §3813 (2-b)." Defs. Mem. at 1. The Court does not need to address these arguments. Even if some of the conduct alleged in the Second Amended Complaint is time-barred, it is undisputed Plaintiff alleges sufficient timely conduct to avoid dismissal on lack-of-timeliness grounds. Moreover, evidence of untimely conduct may be introduced as background to support a timely claim. *See Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) ("[E]ven with respect to a claim of discrete discriminatory or retaliatory acts, expiration of the limitations period does not bar 'an employee from using the prior acts as background evidence in support of a timely claim.'") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002)).

Because each cause of action asserted in the Second Amended Complaint fails to survive summary judgment, the Court grants Defendants' motion to dismiss the Second Amended Complaint.

**B. Plaintiff's Third Motion to Amend is Futile**

Plaintiff seeks leave to bring a Third Amended Complaint adding two defendants—former NYC Public Schools Chancellor David Banks and Brooklyn North HS Superintendent Janice Ross—and a deprivation-of-rights claim under 42 U.S.C. § 1983 ("Section 1983"). Reply to Pl. Mot. at 1. Because the Court dismissed Plaintiff's Second Amended Complaint in its entirety, Plaintiff's motion to amend is futile unless he can state a viable claim under Section 1983. *See Bank v. Gohealth, LLC*, 21-1287-CV, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.") (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)).

Plaintiff's Section 1983 claim rests entirely on the allegation he earned tenure the same day his employment at the DOE ended. Reply to Pl. Mot. at 4. Plaintiff states:

- Based on a [DOE] verified employment record, dated February 9, 2023, the Plaintiff discovered that he was "tenured" when he was terminated on September 7, 2022. Plaintiff asserted that he was deprived of his due process rights guaranteed under 42 U.S.C. § 1983, and that his termination was fraudulent and an error of law. Plaintiff should not have been terminated on September 7, 2022, as he was tenured on that date and entitled to the process afforded to tenure teachers under N.Y. Education law § 3020 before he can be discontinued.

Pl. Mot. ¶ 41.

Plaintiff already made this argument in the New York Supreme Court in an Article 78 proceeding challenging the DOE's denial of his tenure. *See* Ellis Decl., Ex. A, *Kenton v. City of New York*, Index No. 100231/2023, at 1 (N.Y. Sup. Ct. N.Y. Cnty. Feb. 7, 2024), ECF No. 46-1.

16

The New York Supreme Court dismissed Plaintiff's challenge, finding he "was not a tenured teacher when his employment was terminated." *Id.* at 2. First, the court noted Plaintiff's DOE employment verification made clear his "tenure [wa]s contingent upon the completion of probation and meeting all requirements for the license." *Id.* at 3. As demonstrated by the Denial of Completion of Probation Letter, Plaintiff did not complete his probation. *See* Ellis Decl., Ex. B, Denial of Completion of Probation Letter ("I am denying your Certification of Completion of Probation with the New York City Department of Education.") Second, the court held Plaintiff failed to allege he "actually performed any teaching duties on or after September 7, 2022," his probation completion date. *Kenton*, Index No. 100231/2023, at 3. Third, even if Plaintiff had worked on September 7, 2022, the court found his "termination on September 7, 2022, was timely [under New York General Construction Law § 20] and he was not tenured as of that date." *Id.* at 4.

This Court will not disturb the New York Supreme Court's well-reasoned finding. Because Plaintiff's motion to amend is futile, his request for leave to file a Third Amended Complaint is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the Second Amended Complaint and DENIES Plaintiff's motion for leave to file a Third Amended Complaint. The Clerk of Court is respectfully directed to enter Judgment against Plaintiff and close the case. The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to Plaintiff at his address listed on ECF and file proof of service on the docket.

SO ORDERED.

_s/ WFK_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2025
      Brooklyn, New York