25-985-cv
Graham v. N.Y.C. Dep't of Educ.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-six.

PRESENT: RAYMOND J. LOHIER, JR.,
*Chief Judge*,
GUIDO CALABRESI,
SUSAN L. CARNEY,
*Circuit Judges*.

---

KENTON GRAHAM,

*Plaintiff-Appellant*,

v. No. 25-985-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, C/O GEORGIA PESTANA, VERNON JOHNSON, PRINCIPAL OF BROOKLYN HIGH SCHOOL FOR LAW AND TECHNOLOGY, MELANIE WERNER, ASSISTANT PRINCIPAL OF BROOKLYN HIGH SCHOOL FOR LAW AND TECHNOLOGY, SHARAZ SCOFIELD, ASSISTANT

CERTIFIED COPY ISSUED ON 09/22/2026

PRINCIPAL OF BROOKLYN HIGH SCHOOL FOR LAW AND TECHNOLOGY,

*Defendants-Appellees*.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Kenton Graham, *pro se*, Staten Island, NY |
| FOR DEFENDANTS-APPELLEES: | Hanna L. St. Marie, Ingrid R. Gustafson, of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings.

Plaintiff-Appellant Kenton D. Graham, representing himself, appeals from the March 25, 2025 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) dismissing his second amended complaint ("SAC") against the New York City Department of Education ("DOE") and three individual DOE employees ("individual Defendants," and, together with the

DOE, "Defendants"), and denying his motion for leave to file a Third Amended Complaint. On appeal, Graham contends that the District Court erred in converting Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment under Rule 56(e). He adds that, in any event, the District Court erred in granting summary judgment for Defendants as to his state law claims against the DOE. Graham further challenges the District Court's dismissal of his claims of disability and national-origin discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964; the Rehabilitation Act of 1973; the Americans with Disabilities Act of 1990; the New York State Human Rights Law (NYSHRL); and the New York City Human Rights Law (NYCHRL). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand for further proceedings.

To start, we affirm the dismissal of Graham's federal law claims against the individual Defendants, which Graham concedes the District Court properly dismissed. Graham also does not challenge the District Court's denial of his motion for further leave to amend his SAC. He therefore has abandoned that

challenge. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021). Thus, the claims now properly before us are Graham's state, city, and federal law claims against the DOE alleging discrimination, retaliation, and hostile work environment; and Graham's state and city law claims against the individual Defendants alleging the same.[1]

We review the District Court's conversion of a motion to dismiss for abuse of discretion. *See Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 67–68 (2d Cir. 2014). We review *de novo* the District Court's grant of summary judgment and its dismissal for failure to state a claim. *See Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013); *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). Because Graham represented himself throughout this litigation, including the briefing on appeal, "his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov*, 103 F.4th at 166.

[1] To the extent Graham contends that the individual Defendants are liable under the NYSHRL and NYCHRL on an aiding and abetting theory, Graham concedes that he raises this theory for the first time on appeal. As a general matter, we do not consider arguments raised for the first time on appeal, and we decline to do so here. *See Green*, 16 F.4th at 1078.

### I. State and City Law Claims Against the DOE

We consider the District Court's grant of summary judgment in favor of Defendants as to Graham's state and city law claims against the DOE. In New York, a plaintiff suing a "board of education"[2] "for any cause whatever" must at least "alleg[e] in the complaint . . . that a written verified claim . . . was presented to the [relevant] governing body . . . within three months" of the claim's accrual. N.Y. Educ. Law § 3813(1). Compliance with this notice-of-claim requirement "is a condition precedent to be pleaded and proved by the one bringing suit." *Inc. Vill. of Freeport v. Freeport Plaza W., LLC*, __ N.E.3d__, 2026 WL 1751284, at *2 (N.Y. June 18, 2026) (citation modified). Graham neither alleged in the SAC nor adduced evidence outside the pleadings that he fulfilled this requirement. Defendants, on the other hand, attached to their motion to dismiss an affidavit from an employee of New York City's Office of the Corporation Counsel attesting that Graham failed to do so. The District Court therefore converted

[2] The District Court treated the DOE as a "board of education" within the meaning of New York Education Law § 3813(1), and Graham does not contest that treatment. We thus assume for the purpose of this appeal that § 3813(1)'s notice-of-claim requirement applies to suits against the DOE, and we note that several New York State appellate courts have done the same. *See, e.g.*, *Jaloza v. N.Y.C. Dep't of Educ.*, 246 N.Y.S. 3d 412, 415–16 (3d Dep't 2025); *Blaize v. N.Y.C. Dep't of Educ.*, 168 N.Y.S. 3d 512, 515 (2d Dep't 2022); *Campbell v. N.Y.C. Dep't of Educ.*, 160 N.Y.S. 3d 12, 13 (1st Dep't 2021).

Defendants' motion to a motion for summary judgment and granted summary judgment dismissing Graham's state and city law claims against the DOE. We affirm that dismissal.

To be sure, a *pro se* plaintiff "must be unequivocally informed of the meaning and consequences of conversion to summary judgment," *Parada*, 753 F.3d at 68 (citation modified), "by the movant in the notice of motion or, failing that, by the district court," *Hernandez v. Coffey*, 582 F.3d 303, 308 (2d Cir. 2009) (citation modified). Defendants' notice of their motion to dismiss alerted Graham that "the [District] Court may treat [Defendants'] motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure," and that Graham was therefore required to "submit evidence . . . countering the facts asserted by the Defendants and raising issues of fact for trial." Dist. Ct. Dkt. No. 39-1 at 2–3. We conclude that this language, accompanied by the Defendants' extrinsic evidence addressing the notice-of-claim requirement, unequivocally notified Graham of the consequences of conversion to summary judgment as to the notice-of-claim issue and that the District Court did not abuse its discretion in thereafter converting the motion and granting summary judgment as to Graham's state and city law claims against the DOE.

**II. Remaining Claims**

We turn next to the District Court's dismissal of Graham's remaining claims: his federal law claims against the DOE, and his state and city law claims against the individual Defendants. Though Defendants attached a single affidavit to their motion to dismiss addressing only the notice-of-claim issue, which related solely to the state and city law claims against the DOE, the District Court converted Defendants' entire motion to dismiss to a motion for summary judgment and then proceeded to apply the summary judgment standard to dismiss Graham's remaining claims. This was error. Graham had far less than the requisite "unequivocal[ ]" notice that he had to present evidence to support those other claims. *See Parada*, 753 F.3d at 68. In the absence of unequivocal notice, the District Court should have applied the motion to dismiss standard, rather than the summary judgment standard, in resolving the Defendants' motion.

Yet the District Court held Graham to the more demanding summary judgment standard, *see, e.g.*, App'x 29 ("Because each cause of action asserted in the Second Amended Complaint fails to survive summary judgment, the Court grants Defendants' motion to dismiss . . . ."), and made clear that it was relying

on the absence of adduced evidence for its dismissal of Graham's remaining claims. We therefore vacate the District Court's dismissal of Graham's federal law claims against the DOE and his state and city law claims against the individual Defendants, and we remand for further proceedings consistent with this order.

While we leave to the District Court the task of resolving in the first instance Defendants' motion to dismiss the remaining claims, we note that, in the ordinary course, allegations of a supervisor's "invidious comments about others in the employee's protected group"—such as Graham's allegation that Principal Johnson told Graham that "you Caribbean people love to play the victim," and then repeated that language over email, Dist. Ct. Dkt. No. 34 at 9–10 (quotation marks omitted)—supply "plausible support to a minimal inference of discriminatory motivation" under Title VII and the NYSHRL, *Littlejohn v. City of New York*, 795 F.3d 297, 311–12 (2d Cir. 2015) (quotation marks omitted); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("A plaintiff can meet" the "burden of proving that [an] adverse employment decision was motivated at least in part by . . . a discriminatory reason" "through direct evidence of intent to discriminate." (quotation marks omitted)), and certainly

appear to state a claim under the NYCHRL, *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). We also note that allegations of even isolated comments can support a plausible claim of a hostile work environment under the NYCHRL, *see id.* at 114, and under Title VII and the NYSHRL when those comments are sufficiently severe, *see Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 119 (2d Cir. 2010).

**CONCLUSION**

We have considered Graham's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe